# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Melissa S. Reynolds ) | |
|    Plaintiff ) | Case No: |
| ) | |
| vs ) | |
| ) | Trial by Jury Demanded |
| Universal Fidelity LP ) | |
|    Defendant | |

### COMPLAINT FOR VIOLATION OF THE TELEPHONE

### CONSUMER PROTECTION ACT 47 USC § 227

Plaintiff, Melissa S Reynolds, individually, hereby sues Defendant Universal Fidelity LP for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii).

### JURISDICTION AND VENUE

1. This court has jurisdiction under 47 U.S.C. §227(b)(3), 28 U.S.C. §1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

3. The occurred which give rise to this action occurred in Union County, New Jersey and Plaintiff resides in Union County, New Jersey.

4. Venue is proper in the Newark Federal District of New Jersey.

5. All conditions precedent to the bringing of this action have been performed.

## PARTIES

6. The Plaintiff in this this lawsuit is Melissa Reynolds, a natural person, who resides in Union County, New Jersey.

7. The Defendant, Universal Fidelity LP in this lawsuit is a Debt Collector (DC), which is a debt collector company with offices 900 Threadneedle Street, Ste 600, Houston, TX 77079.

## *FACTUAL ALLEGATIONS*

8. On or about January 11, 2016 Debt Collector made the 7 calls to Plaintiff's wireless phone number **908-305-3143** from phone number 281-647-4152. Upon information and belief said number is used by DC in its debt collection operations.

9. Defendant made at least but not limiting to 7 individual calls to Plaintiff's wireless phone on January 11/2016 and continuing after 5/10/2016 using ATDS capable equipment.

10. The calls made to Plaintiff's wireless phone were not for emergency purposes and were made without consent to do so, express or otherwise, of the Plaintiff having been given at any time.

11. Some of the calls from the Defendant to Plaintiff's wireless phone number 908-305-3143 occurred on some of the following dates and times from the following number: 281-647-4152

1) January 11, 2016 at 1:08 PM

2) January 19, 2016 at 2:18 PM

3) January 25, 2016 at 2:24 PM

4) February 18, 2016 at 1:05 PM

5) March 7. 2016 at 12:34PM

6) April 14, 2016 at 5:27PM

7) May 5, 2016 at 2:43 PM

12. Further, on the several occasions when Plaintiff would answer Defendant's calls Defendant would not say anything there would be only dead air.

13. On the several occasions when Plaintiff would answer Defendant's call she stated "quit calling this number" or "quit calling this phone" but there was only dead air and it disconnected the call.

14. Plaintiff at or near the time each of the calls were placed to her wireless phone by the Defendant made handwritten notes of many of the call details including but not limiting to the date, time, whether Plaintiff answered the call and what was said by the caller, if anything, what Plaintiff said or whether a voicemail message was left.

15. Upon information and good faith belief, the telephone calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS).

16. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

17. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

18. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

19. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

20. Upon information and belief, defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone number.

21. This complaint is brought within the statute of limitations pursuant to 47 U.S.C. 227.

22. At the times that all of the above identified calls were received on Plaintiffs wireless phone. Plaintiff was the subscriber to the called number and was the **sole person** having custody of said phone and paid for the airtime for the called phone number.

23. Plaintiff sent a Notice of Intent to Litigate to the Defendant which was returned via mail undeliverable to address on record for business. In addition said letter was faxed to Defendant on May 10, 2017 in an effort to mitigate damages and settle all claims prior to litigation. No response was received by plaintiff to said notice.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227 (b)(1)(A)(iii)

24. Plaintiff repeats and re-alleges each and every allegation stated above.

25. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. §227.

    WHEREFORE, Plaintiff prays from relief and judgement, as follows:

    a. Adjudging The Debt Collector violated the TCPA 47 U.S.C. §227.

    b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and /or willful violations;

    c. Awarding Plaintiff any feed and costs incurred in this action;

    d. Awarding Plaintiff any post-judgement interest as may be allowed under the law;

    e. Awarding such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 15th of May, 2017

Complaint for Violations of the TCPA

*/s/ Melissa Reynolds*

Melissa Reynolds
509 Trotters Lane
Elizabeth, NJ 07208
melissarh75@gmail.com
908=305-3143